UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| JEREMY CARVER, et al., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | Civil Case No. |
| v. | ) | 12-cv-131-JMH |
| | ) | |
| JOSH PETRY, | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
|     Defendant. | ) | |

\*\*\*

This matter is before the Court on Defendant's Second Motion in Limine to Exclude Evidence Related to Prior Events [DE 21]. Plaintiffs have filed a Response [DE 23], and Defendant has filed a Reply [DE 25]. This motion is now ripe for consideration.

**I.**

Defendant Petry seeks to exclude the presentation of evidence at trial of events which he contends are unrelated to the incident at bar and which took place at different times and places and involved different people entirely. The first occurred while he was on duty on November 22, 2009, when Plaintiffs contend that he took actions – forcing his way into a residence past a door that a resident was attempting to close in order to conduct a search – which are similar to the incident at bar. The second incident occurred while Defendant was off duty and

1

involved Defendant allegedly providing beer to an underage female.    Defendant  also  objects  to  the  introduction  of evidence  for  any  of  three  minor  infractions  which  are mentioned in his employment record – again, not connected to the incident at bar.

The  Sixth  Circuit  has  held  that  prior  acts  "are generally not considered proof of any person's likelihood to  commit  bad  acts  in  the  future  and  that  such  evidence should demonstrate something more than propensity" in order to be admissible. *United States v. Lucas*, 357 F.3d 599, 606 (6th  Cir.  2004).  Federal  Rule  of  Evidence  404  further supports  the  position  that  prior  acts  should  generally  be excluded from trial, *see* Fed. R. Evid. 404(b) (articulating the  purposes  for  which  prior  acts  could  be  admissible), even though Rule 404(b) is "an inclusionary, rather than exclusionary  rule".    *United  States  v.  Lattner*,  385  F.3d 947,  956  (6th  Cir.  2004).  Under  that  rule,  evidence  of prior acts may be admissible if for limited purposes such as  "proof  of  motive,  opportunity,  intent,  preparation, plan,  knowledge,  identity,  or  absence  of  mistake  or accident."

Plaintiffs have articulated little by way of response except  to  say  that  the  first  incident  includes  a  sequence of  events  bearing  a  striking  resemblance  to  the  entry  of

2

the residence at bar in this case and that the second incident is meaningful because it has "a tendency to make the fact . . . that he used his position as a police officer to unlawfully arrest the Plaintiffs . . . more probable than it would be without this evidence."  This is not a proper purpose for which to admit far flung facts into the trial of this matter.  *See United States v. Hardy*, 643 F.3d 143, 150 (6th Cir. 2011) ("Before the court may admit 404(b) evidence, it must . . . determine whether the other act is admissible for one of the proper purposes outlined in the rule. . . .").   Plaintiffs have demonstrated nothing more than a desire to introduce evidence to show that Defendant was – in their eyes – a bad cop acting like a bad cop.  The Court will not permit it.

Nor will the Court countenance Plaintiffs' motion to compel Defendant to produce information on these events buried in their Response.  It is, among other things, late-filed after the close of discovery and has not been filed in keeping with the Court's order on the conduct of discovery.  [*See* DE 6.]

Accordingly, **IT IS ORDERED:**

(1) that Defendant's Second Motion in Limine to Exclude Evidence Related to Prior Events [DE 21] is **GRANTED** and

(2) that any evidence concerning the unrelated prior events addressed in Defendant's motion and supporting memorandum shall be excluded from trial.

This the 15th day of January, 2013.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge