```
                UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF KENTUCKY
                   CENTRAL DIVISION at LEXINGTON
```

JEREMY CARVER, et al.,          )
                                )
     Plaintiffs,                )
                                )           Civil Case No.
v.                              )           12-cv-131-JMH
                                )
JOSH PETRY,                     )
                                )   **MEMORANDUM OPINION AND ORDER**
     Defendant.                 )

                              ***

This matter is before the Court on Defendant's Second Motion in Limine to Exclude Evidence Related to Prior Events [DE 21]. Plaintiffs have filed a Response [DE 23], and Defendant has filed a Reply [DE 25]. This motion is now ripe for consideration.

**I.**

Defendant Petry seeks to exclude the presentation of evidence at trial of events which he contends are unrelated to the incident at bar and which took place at different times and places and involved different people entirely. The first occurred while he was on duty on November 22, 2009, when Plaintiffs contend that he took actions – forcing his way into a residence past a door that a resident was attempting to close in order to conduct a search – which are similar to the incident at bar. The second incident occurred while Defendant was off duty and

1

involved Defendant allegedly providing beer to an underage female. Defendant also objects to the introduction of evidence for any of three minor infractions which are mentioned in his employment record – again, not connected to the incident at bar.

The Sixth Circuit has held that prior acts "are generally not considered proof of any person's likelihood to commit bad acts in the future and that such evidence should demonstrate something more than propensity" in order to be admissible. *United States v. Lucas*, 357 F.3d 599, 606 (6th Cir. 2004). Federal Rule of Evidence 404 further supports the position that prior acts should generally be excluded from trial, *see* Fed. R. Evid. 404(b) (articulating the purposes for which prior acts could be admissible), even though Rule 404(b) is "an inclusionary, rather than exclusionary rule". *United States v. Lattner*, 385 F.3d 947, 956 (6th Cir. 2004). Under that rule, evidence of prior acts may be admissible if for limited purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Plaintiffs have articulated little by way of response except to say that the first incident includes a sequence of events bearing a striking resemblance to the entry of

2

the residence at bar in this case and that the second incident is meaningful because it has "a tendency to make the fact . . . that he used his position as a police officer to unlawfully arrest the Plaintiffs . . . more probable than it would be without this evidence." This is not a proper purpose for which to admit far flung facts into the trial of this matter. *See United States v. Hardy*, 643 F.3d 143, 150 (6th Cir. 2011) ("Before the court may admit 404(b) evidence, it must . . . determine whether the other act is admissible for one of the proper purposes outlined in the rule. . . ."). Plaintiffs have demonstrated nothing more than a desire to introduce evidence to show that Defendant was – in their eyes – a bad cop acting like a bad cop. The Court will not permit it.

Nor will the Court countenance Plaintiffs' motion to compel Defendant to produce information on these events buried in their Response. It is, among other things, late-filed after the close of discovery and has not been filed in keeping with the Court's order on the conduct of discovery. [*See* DE 6.]

Accordingly, **IT IS ORDERED**:

(1) that Defendant's Second Motion in Limine to Exclude Evidence Related to Prior Events [DE 21] is **GRANTED** and

3

(2) that any evidence concerning the unrelated prior events addressed in Defendant's motion and supporting memorandum shall be excluded from trial.

This the 15th day of January, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge