```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                       CENTRAL DIVISION at LEXINGTON

JEREMY CARVER, et al.,         )
                               )
     Plaintiffs,               )
                               )         Civil Case No.
v.                             )         12-cv-131-JMH
                               )
JOSH PETRY,                    )
                               )    MEMORANDUM OPINION AND ORDER
     Defendant.                )
```

                                    ***

This matter is before the Court on Defendant's First Motion in Limine to Exclude Evidence Related to Plaintiffs' Damages [DE 20]. Plaintiffs have filed a Response [DE 22], and Defendant has filed a Reply [DE 24]. This motion is now ripe for consideration.

**I.**

In their Complaint, Plaintiffs demand a judgment against the defendant "in sum in excess of $5,000.00, which will fairly and accurately compensate them for their injuries to include specifically emotional injuries, damage to reputation, pain and suffering (past, present and future), medical expenses, costs and attorney fees." In their Rule 26 Disclosure made on July 2, 2012, section C, the Plaintiffs stated that "[t]he damages will not exceed $75,000.00, exclusive of costs, for the illegal arrest, incarceration, illegal search of the house, embarrassment, humiliation and mental anguish and pain and

1

suffering, as well as the cost for defense on the criminal charges." Reading these documents together, Plaintiffs have stated that they seek damages for their damages somewhere in a range of $5,000-$75,000.

## II.

Defendant asks the Court to exclude all evidence of Plaintiffs' non-economic damages from the trial of this matter because, in their Rule 26 disclosures made to Defendant, Plaintiffs did not specify that they sought an amount certain in damages. Plaintiffs object, taking the position that they have said all that it is necessary on the matter. Having considered Defendant's request and the parties' arguments, the Court declines to grant such draconian relief in this instance but concludes that it is appropriate to compel Plaintiffs to make a specific disclosure of the damages sought.

Effectively, the parties dispute whether Rule 26(a)(1)(A)(iii), which requires the parties to disclose "a computation of each category of damages claimed by the disclosing party" along with supporting evidentiary material, applies to non-economic damages. "Rule 26(a)(1)(A)(iii) is unambiguous — it applies to *each* category of damages claimed; it is not limited to economic damages." *See Lucas v. Transamerica Life Ins. Co.*, No. 5:10-cv-750-KKC, 2011 WL 5148883, *1 (E.D. Ky. Oct. 21, 2011). The undersigned agrees and elects to follow

the course set forth in Magistrate Judge Wier's opinion in *Lucas*. Rule 26 requires that, although a plaintiff may be unable to "precisely explain his quantification ... the plaintiff is required to provide specific amounts of compensatory and punitive damages he seeks." *Id.* at *1 (citing *Richardson v. Rock City Mechanical Co.,* No. 3-09-0092, 2010 WL 711830, *3 (M.D. Tenn. Feb. 24, 2010)).

Here, Plaintiffs should have identified an amount—either a specific sum or something substantially more precise than the $70,000 range of potential recovery to be gleaned from their Complaint and disclosures—to be sought as to each non-economic category of damages sought. These figures are clearly legitimate topics of discovery. Of course, the final award may be relegated to the jury, but the parties and Court should know the range sought and basis for it because, "[i]n general, the economic scope of a case informs decisions about resource use, burdensomeness, settlement, and potentially insurance issues. . . . . In short, Plaintiffs must be in a position to forecast what they seek in terms of each damage category." *Id*. at *2.

Rule 37(c)(1) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a). . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." That said, the Court is not

3

persuaded that – in this instance – an outright prohibition on producing evidence of damages is the proper sanction.[1] Rather, "instead of this sanction, the court, on motion and after giving an opportunity to be heard . . . may impose other appropriate sanctions including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1)(A) and (C). Other appropriate sanctions include "staying further proceedings until [an] order is obeyed." Fed. R. Civ. P. 37(b)(2)(A)(iii). In this instance, the Court concludes that the appropriate cure for this failure is to require Plaintiffs to supplement their Rule 26 disclosures and to provide a specified amount for each category of damages that they seek, including all non-economic categories of recovery sought.

Accordingly, **IT IS ORDERED:**

---

[1] In reality, the present issue is a dispute which would have been better presented during the period of discovery as either a motion to compel or a motion for a protective order. While, as Defendant points out, the burden of establishing substantial justification and harmlessness falls on the disclosing party where there is a failure of disclosure, see *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003), the Court wonders at Defendant's failure to file a motion to compel during the period of discovery assigned in this case. While the Court is not concluding that the issue was waived, Defendant's failure to raise it earlier during the course of this litigation is nearly as notable as Plaintiffs' failure to supplement – leaving the Court to wonder if Defendant ever conferred about this discovery issue with Plaintiffs which is necessary before seeking relief from the Court. *See* Fed. R. Civ. P. 37(a)(1).

(1) That Plaintiff's First Motion in Limine is **GRANTED IN PART** and **DENIED IN PART.**

(2) That, within **10 days** from the date of entry of this Order, Plaintiffs **SHALL** supplement their Rule 26 disclosures to provide an amount for each category of damages they seek, specifically including but not limited to damages claimed for "illegal arrest, incarceration, illegal search of the house, embarrassment, humiliation and mental anguish and pain and suffering, as well as the cost for defense on the criminal charges." Plaintiffs are advised that failure to provide such amounts will result in exclusion of evidence of such damages at trial, pursuant to Rules 37(b)(2)(ii) and 37(c)(1). In particular, if Plaintiffs do not comply, the Court will bar Plaintiffs from referencing any figures and articulating any basis for awards in the non-economic categories of damages at trial.

This the 15th day of January, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge